IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LESLIE CASAUBON, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-617-RP |
| TEXAS MUTUAL INSUANCE COMPANY and DONNA R. CROSBY, *Travis County District Attorney*, | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Leslie Casaubon's ("Plaintiff") Motion for Leave to File a Third Amended Complaint, (Dkt. 77), and the related briefing, (Dkts. 78, 79, 81, 85, 86, 87). Defendants Texas Mutual Insurance Company ("Texas Mutual") and Donna R. Crosby ("Crosby") (together, "Defendants") oppose Plaintiff's amendment. Having reviewed the parties' briefing, the record, and the relevant law, the Court finds that Plaintiff's motion should be granted in part and denied in part.

### I.  BACKGROUND

Plaintiff brings claims under 42 U.S.C. § 1983, for violations of her rights under the Fourth and Fourteenth Amendments, as well as state-law claims for malicious prosecution, false arrest, defamation, conspiracy, and tortious interference. (2d Am. Compl., Dkt 47, at 12–17). Plaintiff, a workers' compensation attorney, alleges that Texas Mutual and Crosby, a Travis County District Attorney, conspired to bring false charges of insurance fraud against Plaintiff because of her success in obtaining favorable decisions against Texas Mutual. (*Id.* at 8–10). Defendants secured two grand-jury indictments against Plaintiff for insurance fraud—indictments for which Plaintiff alleges Crosby used false or misleading evidence. (*Id.* at 10). Plaintiff was ultimately acquitted of all charges by a jury. (*Id.* at 11–12).

This case was originally filed in June 2019. (*See* Dkt. 1). Plaintiff filed her first amended complaint in November 2019, which was unopposed by Defendants. (*See* Dkts. 18, 20). In December 2019, the Court stayed the case pending resolution of the criminal proceedings against Plaintiff. (Dkt. 31). The stay was not lifted until March 2, 2024. (Dkt. 45). Shortly after, Plaintiff filed her second amended complaint, again unopposed by Defendants. (Dkts. 46, 47). Defendants each filed a motion to dismiss Plaintiff's second amended complaint. (Dkts. 52, 56). The case was again stayed on June 24, 2024, pending resolution of the motions to dismiss. (Dkt. 64).

The Court referred the motions to dismiss to United States Magistrate Judge Dustin Howell for report and recommendation. (Text Order, dated October 18, 2024). The magistrate judge recommended granting both motions. (R. & R., Dkt. 73). For Crosby, the magistrate judge concluded Crosby is entitled to absolute immunity for all Plaintiff's claims brought against her, because Plaintiff complains of actions that fall squarely within functions performed by prosecutors. (*Id.* at 8–10). The magistrate judge noted that, at best, Plaintiff "twice conclusory alleges that Crosby participated in the investigation" of Plaintiff, without pleadings facts to support this conclusion. (*Id.* at 8). For Texas Mutual, the magistrate judge concluded that as a private actor, Texas Mutual cannot be sued under § 1983, and Plaintiff failed to allege sufficient "state action" by Texas Mutual to overcome its status as a private entity. (*Id.* at 10). And because the magistrate judge recommended dismissing Plaintiff's federal claims, he also recommended that the Court decline to exercise supplemental jurisdiction over her remaining state law claims. (*Id.* at 14–15). The Court adopted the magistrate judge's report and recommendation and granted both motions to dismiss. (Dkt. 76).

In her objections to the report and recommendation, Plaintiff requested leave to amend in the alternative, (Dkt. 74, at 4–5), so the Court permitted Plaintiff to file a motion for leave to file her

third amended complaint. (Dkt. 76). Plaintiff did so, and now Defendants oppose Plaintiff filing a third amended, fourth overall, complaint.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). The futility of amendment is one substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

## III. DISCUSSION

Plaintiff seeks leave to amend to her complaint to plead additional facts. (Dkt. 77, at 2). The Court will first address Plaintiff's proposed revisions as to her claims against Texas Mutual and then will address Plaintiff's proposed revisions as to her claims against Crosby.

As previously stated, the Court dismissed Plaintiff's claims against Texas Mutual because Plaintiff failed to plead facts sufficient to overcome Texas Mutual's status as a private entity, and

therefore Texas Mutual cannot be sued under § 1983. Texas Mutual opposes Plaintiff's proposed amendment, arguing the "revisions in her Third Amended Complaint merely repackage prior allegations against Texas Mutual without adding any substance sufficient to overcome Texas Mutual's status as a private party not subject to § 1983 claims." (Resp., Dkt. 80, at 1). Specifically, Texas Mutual argues "the Court already considered [Plaintiff's] allegations of the funding agreement between Texas Mutual and Travis County when rejecting [Plaintiff's] § 1983 claims against Texas Mutual." (*Id.*). The Court agrees, finding Plaintiff's revisions as to Texas Mutual insufficient to overcome the deficiencies previously found by the Court. Plaintiff proposes adding language repeating her allegation that Texas Mutual was funding Crosby's salary during Crosby's alleged investigation. (*See* Dkt. 77-1, at 9). But, the magistrate judge already considered Plaintiff's "allegations of a past funding agreement between Texas Mutual and the Travis County District Attorney's Office" when finding Texas Mutual is a private entity. (R. & R., Dkt. 73, at 12). And Plaintiff proposes no notable revisions to her claims against Texas Mutual otherwise. Therefore, Plaintiff's proposed amendments are futile to save her § 1983 claims against Texas Mutual, and the Court denies her leave to amend these claims accordingly.

As for Crosby, Plaintiff seeks to plead additional facts to overcome the Court's determination that Crosby is entitled to absolute immunity. (Dkt. 77, at 2). The Court previously found that Plaintiff conclusory alleged Crosby conducted an investigation outside her prosecutorial functions, without pleading any facts to support this conclusion. (R. & R., Dkt. 73, at 8). Now, Plaintiff's proposed amendment includes the allegation that Crosby "wrote letters to and made phone calls to Plaintiff's clients, trying to scare them into testifying against Plaintiff" and "obtained subpoenas to obtain purported 'evidence' to support the false claims." (Dkt. 77-1, at 9). These additional alleged facts, absent from her previous complaints, provide support for Plaintiff's

allegation that Crosby conducted an investigation that falls outside the boundaries of her absolute immunity. For absolute immunity, the Fifth Circuit distinguishes between "the advocatory function of organizing, evaluating, and presenting evidence, and the separate investigatory function of gathering or acquiring evidence." *Wearry v. Foster*, 33 F.4th 260, 266 (5th Cir. 2022). Prosecutors are entitled to absolute immunity for the former, but not the latter. *See id.* Searching for witnesses and working to obtain evidence, as Plaintiff alleges Crosby did here, are investigatory functions and therefore not protected by absolute immunity. *See id.* So, Plaintiff's new allegations, taken as true, would overcome Crosby's assertion of absolute immunity, the grounds on which Plaintiff's § 1983 claims against Crosby were previously dismissed. In contrast to her proposed amendments as to Texas Mutual, Plaintiff's proposed amendments as to Crosby are not futile, but rather, overcome a previous deficiency. Further, any prejudice suffered by Crosby because of the amendment is minimal, as Crosby has yet to answer; litigation has scarcely begun in this case because of the lengthy stays. Not finding any substantial reason to deny amendment, the Court will grant Plaintiff leave to amend her complaint as to her federal claims against Crosby.

Plaintiff also brings state-law claims against both Crosby and Texas Mutual, over which the Court declined to exercise supplemental jurisdiction in light of the previous dismissal of Plaintiff's federal claims. (Dkt. 76; R. &. R., Dkt. 73, at 15). The Court must always concern itself with jurisdiction, and after permitting Plaintiff to replead her federal claims against Crosby, the Court will exercise, in its discretion, *see Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008) (reviewing district court's decision on supplemental jurisdiction for abuse of discretion), supplemental jurisdiction over Plaintiff's state law claims against both Crosby and Texas Mutual. "[J]urisdiction over a federal-law claim brings with it supplemental jurisdiction over a state-law claim arising from the same facts." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025). Here, Plaintiff's state-law claims and

federal claims arise out of the same "common nucleus of operative facts," *Mendoza*, 532 F.3d at 346—the prosecution of Plaintiff for insurance fraud. Further, in response to Plaintiff's motion to amend, Defendants do not provide any argument as to why the Court should not allow the amendment of these claims. (*See* Dkts. 80, 85). Accordingly, the Court will permit Plaintiff to include her state law claims against both Defendants in her amended complaint and will exercise supplemental jurisdiction over those claims.

In summary, the Court denies Plaintiff leave to amend her § 1983 claims against Texas Mutual, but grants Plaintiff leave to amend her § 1983 claims against Crosby and her state law claims against both Defendants.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint, (Dkt. 77), is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff shall file a third amended complaint that includes her amended § 1983 claims against Crosby and her state law claims, but removes her § 1983 claims against Texas Mutual, **on or before May 22, 2025.**

**IT IS FUTHER ORDERED** that the stay in this case is **LIFTED.**

**IT IS FINALLY ORDERED** that the parties shall confer and file a joint proposed scheduling order **on or before May 22, 2025.**

**SIGNED** on May 8, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE